Good morning. Our first case is number 16-3232, United States v. Rodriguez. Good morning, your honor. Good morning. May it please the court. I'm Ronald Trous, an assistant federal public defender. I represent Jose Rodriguez. I'd like to reserve three minutes for rebuttal. That's granted. Mr. Rodriguez seeks remand for reconsideration of a 3582 sentence reduction motion. I assume the court is most interested in the jurisdictional issue. Yeah, let's deal with that. Why don't you start with the D.C. Circuit's opinion that was issued yesterday? I'm sorry? Why don't you start with the D.C. Circuit's opinion that came to our attention yesterday? Yes. The D.C. Circuit said exactly what our argument is, which is that the denial of a 3582 sentence reduction motion is a final order, and therefore this court has appellate jurisdiction under 1291. Do we have to look beyond 1291 to find jurisdiction? Do we have to look beyond 1291 to find jurisdiction? You don't have to. I think the Jones case said that jurisdiction under 3742 was doubtful. I actually would be a little bit more optimistic about it, and I could discuss that, but I think all you need is 1291. I don't think we're really riding on a clean slate here. I went through and did some research. U.S. v. Matteo, U.S. v. Doe, U.S. v. Fleming, all cases where there was a sentence reduction motion and we relied on 1291 as a jurisdictional basis. Yes, well, I discussed that in my brief. I also thought the Steyer case, which Judge Roth was on the panel in that case, was also a 3582 motion, and it also noted 1291. And I also, as you might have seen, I went through and catalogued some of the recent cases, 3582 cases, and 1291 was cited as the jurisdictional basis in the Forbes case, which I think Judge Restrepo was on in November, actually wrote that opinion. This is brilliant. And Judge Chigaris, you wrote the opinion in the Toledano case in March of last year, which was also a sentence reduction motion citing 1291. Right. Well, now, your friend across the aisle says that, hey, because 3742 exists, 3742A exists, that that's the more specific jurisdictional grant and we should be relying on that only. What's your response? Well, a couple of responses. One is that there's really no basis to conclude that 3742 displaced or was an applied repeal of 1291. The Tenth Circuit pointed this out in Hahn about ten years ago, that there's no language in the Sentencing Form Act that restricts 1291. There's nothing in the legislative history of SRA that even mentions 1291. And there's no basis to argue that 3742 was implicitly repealed, particularly when the U.S. Supreme Court has fairly stringent standards about when something can be considered implicitly repealed. I mean, is there really a conflict between the two statutes? Well, I think they're complementary more than anything else. And particularly when you have the Supreme Court saying in the Lynch case in 1972, silence in the legislative history is insufficient to support repeal by implication. And in the Branch v. Smith case in 2003, absent a clearly expressed congressional intention, repeals by implication are not favored. I think this rule is particularly persuasive here. It would affect a longstanding bedrock jurisdictional statute. And also the passage of the SRA has been described as an act of congressional entity to give prisoners the benefits of later enacted guideline adjustments. And if you're going to knock out jurisdiction over discretionary denials, you're going to knock out some of that congressional entity. Let me ask you a more fundamental question. If we were to agree with the government, are we in a position to do it, or would it have to be an en banc proposition? I think that's a close question. I think there is sufficient. I mean, you're aware of our IOPs. We were bound by prior decisions, you know, the absence of a Supreme Court or an en banc. Yes. Well, I'll play devil advocate for myself here and say that there does have to be, there is language that the court needs to do some analysis in order to consider President Biden. But I actually think that you're suggesting we've never done any analysis on this issue? Well, no, I'm not. And actually I was going to say I thought that Judge Sirica's opinion in Cooper went a far distance in doing that. And he came to the conclusion that while he was using 3742 as a basis of jurisdiction, that 1291 was also a basis of jurisdiction. So I think you probably would have to go en banc to change that. Frankly, I find we're bound by styre, but maybe that's my own personal predilection. I agree with that wholeheartedly, Judge Roth. I think it did, it was a precedential case, and it decided 3582, mentioned 1291. And one of the reasons why I think there is a precedential value, even though maybe the jurisdictional aspect wasn't explicitly discussed, is the reasonable, excuse me, I'm sorry, dry mouth from the medication. No problem. The sentence reduction motion requires in step two, as Dillon set out the two steps for determining the sentence reduction motion, in step two the district court is instructed to give reference to and consider the 3553 sentencing factors. And that requires reasonableness review so that you can review the district court's discretion. And that's one thing that distinguishes 3582 from the Rule 35B cases. Rule 35B merely says may in its direction to the court. It says that, I'm sorry, I have it right here. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's pre-sentence assistance. That's all it says. There's no directive like there is in 3582 to consider the 3553A factors. What about the merits of your argument, assuming we do find jurisdiction? Well, I think, Your Honor, there's not much I can add to what we have in our brief. One of your arguments was that the district judge in considering this motion didn't consider acceptance of responsibility, but didn't he already do that in the original sentencing? Well, our argument really goes more to the weight of the discretion and how it was exercised. There really was no record created in the 3582 proceeding. It was all based on prior proceedings, sentencing hearings. And our argument was that the district court relied too heavily on pre-arrest conduct. Wait a minute. I'm not following you. You say there was no record. So whose obligation is it to develop the record? It's not the judge's, is it? Well, I don't believe there was an evidentiary hearing permitted. Everybody just went on the record as it was. I think the discussion in my brief fully sets out our argument in as much detail as there is to provide, so I would be content to rest on that. If you have no further questions, I'll... Judge Roth, do you have any questions? No, I don't. Okay. Thank you, counsel. Thank you. We'll see you on rebuttal. Now, I've got to say, this is a head-scratcher. We've been doing these cases for a long time. Your office has been before us for years with years of cases, and now this is brought up. What prompted it? Yes, Your Honor. My name is Carlo Marculli for the United States. Your Honor, I can't speak definitively to the delay in the government's bringing this issue to the court's attention. I acknowledge that the government, at least in the Third Circuit, has not brought the issue to the court's attention, and that lays with the responsibility of the government. But just to provide some context, in the D.C. Circuit case, the Jones case, that was a 3582C appeal, and the government in that case did not contest jurisdiction, and the court ordered supplemental briefing on the jurisdictional issue. So at that point, the Department of Justice had the opportunity to closely examine the issue and came to the conclusion that 3742 does not provide a basis for jurisdiction to review a discretionary denial of a Section 3582C motion. And given the Department's position, that's the position that the Department is taking across the country, and I believe this is probably the first case in the Third Circuit in which the government had the opportunity to address the issue. They did press it in Bowers in the Sixth Circuit case back in 2010, right? In Bowers, actually, I believe, Your Honor, the government did not contest jurisdiction, and it was raised to a sponte by the court in that case. However, in the Ninth Circuit Dunn case and the Tenth Circuit Washington case, the government, presumably from some enterprising AUSAs, decided to press the jurisdictional issue, most likely due to Bowers, and as the court knows, the argument failed in those cases, primarily based on prior Ninth Circuit and Tenth Circuit cases, which foreclosed the arguments in those cases. But Judge O'Scanlan in the Ninth Circuit case wrote a special concurring opinion explaining that he thought the Ninth Circuit's rule was wrong, but that they were bound by Ninth Circuit precedent, but that that precedent was fundamentally in conflict with the Supreme Court's decision in Dillon, which held that Booker and the Sixth Amendment problems identified in Booker did not apply in the 3582C context, and therefore reasonableness review, which Booker implanted, had no application in the 3582C context. Are you suggesting this panel can make that decision? I am, Your Honor, because I recognize, as Judge Shigar has mentioned, that the court is not riding on a clean slate here, but in those prior decisions where the court indicated that it had jurisdiction under 1291 or 3742 or some combination of both of them, jurisdiction was not raised, and this is just one of those classic examples where the only cases are those quote, drive-by jurisdictional rulings that the Supreme Court mentioned in Steele Co. What about the Cooper case that your adversary cited, footnote 4? Judge Scirecca seemed to consider it in some detail, didn't he? In footnote 4, the court was addressing whether possibly 1291 could provide the jurisdictional basis for the reasonableness review that Booker required. The court elected not to go that route and went with 3742A1. I think that's different from the analysis that would be at issue here, and you get that from Booker later on in the opinion when the court addressed whether there was jurisdiction for it to review the discretionary denial of a departure motion at sentencing, and the court held that under 3742 the court did not have jurisdiction, and the court did not then go to 1291 to determine whether it had jurisdiction. I think if 1291 could play a role here, it would fully supplant 3742, essentially rendering that statutory provision meaningless. I think in addition to Cooper, McKnight, the case that I mentioned in the 28J letter filed yesterday identifying Jones, essentially compels the government's jurisdictional position in this case because in McKnight, the court concluded that it did not have jurisdiction to review a discretionary decision on a Rule 35B motion. How about U.S. v. Jones, the D.C. Circuit case decided yesterday? You've got to love when a court decides something to do before you can do ROR. That was fantastic timing. But in Jones, I think Jones is inconsistent with both McKnight and Cooper because in Jones the court rested its holding on the fact that prior D.C. Circuit cases held that 3742 allows for broad, far-reaching reasonableness review post-Booker. But as I mentioned in Cooper, the court held that 3742 did not authorize reasonableness review in reviewing a discretionary decision not to grant a downward departure motion. And in McKnight, also a post-Booker case, the court held that the court did not have jurisdiction under 3742 to review a discretionary decision on a Rule 35B motion. And so in the 3rd Circuit, this court has not held that 3742 authorizes broad, far-reaching reasonableness review whenever a sentencing decision is up for review. Isn't there a distinction between reasonableness review under 1291 and in a specific case looking at what the court did saying that was discretionary on the part of the district judge, we cannot disturb that discretion? I don't believe so, Your Honor. I think those are one and the same. Reasonableness review is essentially looking to see whether the district court adequately exercised its discretion. No, I'm not talking about adequately. I'm talking about in the exercise of discretion, we give a certain predominance to what the district court did. That doesn't mean that there might not be an aspect of that appeal where reasonableness review is relevant. I don't believe so, Your Honor. I think where the court would have jurisdiction to review a district court's denial of, let's say, a 3582C motion would be, for instance, whether the district court even considered the 3553A factors or considered an impermissible factor. And so when Mr. Krause tried to distinguish the 3582C context from the Rule 35B context, I think that fails. In both provisions, you have language that essentially leaves the issue to the discretion of the district court. I believe both provisions use the term may. And Mr. Krause mentioned that in 3582C, that statute compels the district court to consider the 3553A factors. That's true. And if the district court did not consider the 3553A factors, if that was present from the record, then this court would have jurisdiction to review that issue and determine whether the district court actually considered the 3553A factors. But Judge Conard did a pretty complete job is what you're going to be telling us, right? Absolutely, Your Honor. And I think Chief Judge Conard's opinion in this case is a good indication of why Congress would likely have removed jurisdiction from the Court of Appeals in these cases. District courts, including Chief Judge Conard in this case, understand the importance of the discretionary decision and can issue thorough opinions explaining the exercise of their discretion. And that's what Chief Judge Conard did in this case. Additionally, Congress's decision to remove appellate jurisdiction in this context makes sense because there's no possibility that a defendant can receive an increased sentence at the end of this proceeding. Congress could be very explicit about removing jurisdiction, right? I think that's correct, Your Honor. But prior to the Sentencing Reform Act, there was no 3582C. And so Congress, through 3742, did not really remove jurisdiction. It was just addressing appellate jurisdiction in the context of all the types of proceedings that would arise in the Sentencing Reform Act. You seem to argue there's a conflict between the two statutes. I know you resorted to specific versus general and vice versa. Is there really a conflict between these two? I mean, there may be overlap, but is there conflict? It depends how the court were to read 1291. It's the government's position that even if 1291 provided the jurisdictional hook here, there would be no jurisdiction in a case like this, and that's because of the Supreme Court's decision in Dorzynski where the court said that where a sentence falls between the statutory minimum and maximum, appellate review is at an end. But if this court were to conclude that 1291 could potentially authorize jurisdiction in this case, then I think there would be a conflict because under this court's decisions in McKnight and Cooper, 3472 does not authorize appellate jurisdiction. So wait. Do Dorzynski mean that if a sentence is between the minimum and the maximum, the Court of Appeals has no jurisdiction? Yes, Your Honor. And Justice Scalia and his... This court was filled with defense lawyers. There's going to be an insurrection if they, you know... That's pre-Sentencing Reform Act, Your Honor, and pre-Booker. So post-Booker, when you're dealing with a typical initial sentence, then yes, Dorzynski's not in play. I mean, the Court of Appeals does have jurisdiction to review whether a sentence is reasonable, and that's based on Booker. Booker clearly holds that. But because Booker does not apply in the 3582C context, and that's based on Dillon, then there's no basis to apply Booker's remedial holding implanting reasonableness review in the 3582C context. And again, I would just point the court to its decisions in McKnight and Cooper. I don't believe there's a meaningful way to distinguish the discretionary decisions that were at issue in those cases from the discretionary decisions... excuse me, from the discretionary decision that's at issue in this case and that Mr. Rodriguez is challenging. I also want to mention one other aspect of the D.C. Circuit's decision in Jones. The court in dictum mentioned that maybe 1291... excuse me, that maybe 3742 doesn't even apply in this context because a ruling on a section 3582C motion is not a sentence and so it doesn't fall within 3742. Again, I think that statement conflicts with both McKnight and Cooper because in McKnight, this court cited this First Circuit's decision in McAndrews, a 1993 case that essentially adopted what the D.C. Circuit suggested in Jones, that a ruling on a 3582C motion is not a sentence. So what's the government's position as to that maybe dictum? The government's position is that a ruling on a 3582C motion is a sentence. 3742 governs the review of sentences, and that's exactly what Mr. Rodriguez is asking the court to do here. And in McKnight, this court cited McAndrews and expressly rejected its holding. So I think this issue has already been resolved by the court. And the same goes for Cooper. Cooper, when analyzing whether it had jurisdiction to review a discretionary decision not to depart downward, again, only analyzed the issue under 3742. It treated that ruling as a sentence and therefore examined the issue under 3742 and not under 1291. What's your angle with respect to the merits on this case? On the merits, Your Honor, if the court reached the merits, the government's position is that an affirmance would be required under this court's prior cases. As Judge Chigar has mentioned, Chief Judge Conner issued a thorough opinion in this case, weighing all the factors, particularly public safety and the fact that this defendant had engaged in a years-long conspiracy involving multiple states, a drug trafficking conspiracy. He had a lengthy criminal history that resolved in a criminal history category of five, including the fact that after his most recent criminal activity and criminal sentence in 2003, after he was released, he almost immediately began the drug trafficking conspiracy that resulted in the conviction in this case. And given the violence and the armed robberies that occurred during the drug trafficking conspiracy in this case, Chief Judge Conner did not think it was appropriate to further reduce Mr. Rodriguez's sentence. And Judge Roth, I know you mentioned the Steyer case. I think that's an example of another one of these cases in which the government did not raise jurisdiction to the government's fault, and so the court did not analyze the jurisdictional issue. On the merits, Steyer is fully applicable here, because in Steyer the court was presented with a similar argument that public safety was not sufficient enough a reason to deny a 3582C motion. The court rejected that argument pretty handedly and affirmed the district court's denial of the motion. If the court has no further questions and the government asks, that the court dismiss the appeal for lack of jurisdiction. Judge Roth, do you have anything more? No, I don't. Okay, thank you, counsel. Thank you, Your Honor. Your Honors, I think the court fully understands our position. Unless you have any further questions, I'm happy to conclude. Judge Roth, do you have any? No, I don't. I don't either. Thank you so much, counsel. Thank you very much. The court would like to thank counsel for their excellent briefing and oral argument today. We'll take the case under advisement. And if counsel has no objection, we'd like to go off the record for a minute and just congratulate and greet counsel.